UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X

KATANGA POWELL,

                              Plaintiff,

        -against-

THE CITY OF NEW YORK, POLICE OFFICER STEVE
A. RICHARDS (Shield no. 02946), JOHN DOE 1, JOHN
DOE 2, JOHN DOE 3,

                              Defendants.

**ECF DOCUMENT**

**COMPLAINT**

06 CV 1992 (TPG)

Jury Trial Demanded

------------------------------------------------------------------------ X

## PRELIMINARY STATEMENT

        1.       This is a civil rights action in which the plaintiff seeks relief for the violation of her rights secured by 42 U.S.C. § 1983, the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York. The case arises from an August 27, 2005 incident in which four members of the New York City Police Department ("NYPD") subjected plaintiff to false arrest, excessive force, assault and battery, and fabricated evidence. Plaintiff seeks compensatory and punitive damages, declaratory relief, an award of costs and attorneys' fees, and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

        2.       This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

        3.       Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide her claims arising under state law -- false arrest and assault and

battery.  With respect to these state law claims, a notice of claim was duly filed on the City of New York within 90 days of the incident at issue, more than 30 days have elapsed since such filing, and the City has refused to settle plaintiff's claims.  Moreover, this action was filed within one year and 90 days of the incident at issue in this case.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) because defendant City of New York is subject to personal jurisdiction in the Southern District of New York.  Moreover, venue is proper pursuant to 28 U.S.C. § 1391(b) because the City of New York's deliberate indifference to plaintiff's federally protected rights took place in this district, specifically at NYPD Headquarters located at One Police Plaza, and at the Office of the Civilian Complaint Review Board located at 40 Rector Street.

### PARTIES

5. Plaintiff is a resident of the State of New York, County of Kings.

6. The City of New York is a municipal corporation organized under the laws of the State of New York.

7. Police Officer Steve A. Richards was a member of the NYPD during all relevant times who violated plaintiff's rights as described herein.  Richards is sued in his individual and official capacity.

8. John Does 1, 2 and 3 are unidentified members of the NYPD who acted in concert with Officer Steve A. Richards during all relevant times.  John Does 1, 2 and 3 are sued in their individual and official capacities.

### STATEMENT OF FACTS

9. On August 27, 2005, at approximately 8:30 p.m., in the vicinity of East 21st Street between Newkirk and Ditmas Avenues in Brooklyn, New York, Police Officer Steve

A. Richards and three unidentified members of the NYPD/ 70th Precinct, sued herein as John Does 1, 2, and 3, arrested plaintiff without cause and charged her with obstruction of governmental administration, disorderly conduct, and resisting arrest.  Plaintiff, however, had not committed these crimes or any other.  Irrespective of this fact, the officers arrested the innocent plaintiff.

10. In the course of arresting plaintiff, Officer Richard and John Does 1, 2, and 3, acting in concert, subjected plaintiff to excessive force and assault and battery by, among other things, seizing plaintiff, searching plaintiff, and violently tackling plaintiff to the ground causing her to strike on her face.  Officer Richards then violently lifted plaintiff off the ground, slammed plaintiff onto the truck of a police car, and twisted plaintiff's arm in such a manner as to cause a fracture to her elbow.

11. Thereafter, plaintiff was handcuffed and taken to the 70th Precinct for arrest processing.

12. Upon arriving at the 70th Precinct, plaintiff asked the desk sergeant for medical attention.

13. The desk sergeant called an ambulance, an ambulance subsequently arrived, and plaintiff was taken to Maimonides Hospital.

14. Plaintiff was at the hospital from August 27, 2005, at approximately 9:00 p.m., to August 28, 2005, at approximately 6:30 a.m.

15. Doctors at the hospital took x-rays of plaintiff's arm and elbow, determined that plaintiff had suffered an elbow fracture, and applied a cast to plaintiff's elbow.

16. Plaintiff was subsequently taken to Brooklyn Central Booking to await arraignment.

17. While plaintiff was awaiting arraignment, the officers who had arrested her, including Officer Richards, met with a prosecutor employed by the Kings County District Attorney's Office.

18. The officers, with malice, misrepresented to the prosecutor that plaintiff had committed the crimes of obstruction of governmental administration in the second degree, disorderly conduct, and resisting arrest.

19. As a result of the officers' misrepresentations, plaintiff was brought up on false charges of obstruction of governmental administration in the second degree and resisting arrest.

20. Plaintiff was arraigned on August 28, 2005 at approximately 9:00 p.m.

21. The presiding judge released plaintiff on her own recognizance and ordered her to return to court.

22. On March 13, 2006, the criminal charges filed against plaintiff were adjourned in contemplation of dismissal.

23. As a result of defendants' actions, plaintiff suffered a fractured elbow, physical discomfort and pain, emotional distress, fear, embarrassment, humiliation, loss of liberty for approximately 24 hours, loss of time, inconvenience, and damage to her personal reputation.

**FEDERAL AND STATE LAW CLAIMS AGAINST POLICE OFFICER STEVE A. RICHARDS AND JOHN DOES 1, 2 AND 3**

24. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-23 as if fully set forth herein.

25. The conduct of Police Officer Steve A. Richards and John Does 1, 2 and 3, as described herein, amounted to false arrest, excessive force, assault and battery, and fabrication of evidence. This conduct violated plaintiff's rights under 42 U.S.C. § 1983, the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York.

**FEDERAL AND STATE LAW CLAIMS AGAINST THE CITY OF NEW YORK**

26. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-25 as if fully set forth herein.

27. The City of New York directly caused the constitutional violations suffered by plaintiff.

28. Upon information and belief, the City of New York, at all relevant times herein, was aware from notices of claim, lawsuits, complaints filed with the NYPD and the Civilian Complaint Review Board, and from the NYPD's own observations, that the individual defendants are unfit, ill-tempered police officers who have the propensity to commit the acts alleged herein.

29. Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline, and monitor the officers and improperly retained and utilized them. Moreover, the City of New York failed to adequately investigate prior complaints against the officers.

30. The aforesaid conduct by the City of New York violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.

31. Moreover, because the officers were at all times acting within the scope of their employment as NYPD officers, the City of New York is vicariously liable under state law for the false arrest and assault and battery of plaintiff.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

    a. Compensatory damages in an amount to be determined by a jury;

    b. Punitive damages in an amount to be determined by a jury;

    c. Costs, interest and attorney's fees;

    d. Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:    March 14, 2006
              Brooklyn, New York

              CARDINALE & MARINELLI
              26 Court Street, Suite 1815
              Brooklyn, New York 11242
              (718) 624-9391

              By:

              _____
              RICHARD J. CARDINALE (RC-8507)